JOURNAL ENTRY AND OPINION
This is an appeal from an order of Judge William J. Coyne denying Jerry Warren's motion for post-conviction relief. He claims his trial lawyer rendered constitutionally ineffective assistance of counsel because he failed to discern the facts involving a possible alibi defense and determine the proper jurisdiction of the court before Warren pleaded guilty to amended charges of attempted rape and gross sexual imposition in 1992. He, therefore, asserts it was error to deny his motion without a hearing. We disagree and affirm.
On August 27, 1992, Warren was indicted on six counts of rape of a female under the age of thirteen years by use of force or threat of force, one count each for the years 1984 through 1989. The case was assigned to Judge James F. Kilcoyne. Warren's appointed lawyer filed a motion for discovery and motion for a bill of particulars. On December 30, 1992, upon the prosecutor's recommendation, Count 1, a rape alleged to have occurred during 1984, was amended to include the attempt statute, and Count 2, a rape alleged to have occurred during 1985, was amended to gross sexual imposition in violation of R.C. 2907.05.
Upon that recommendation, Warren withdrew his previous plea of not guilty and entered a plea of guilty of attempted rape in violation of R.C. 2923.02/2907.02, as amended in Count 1, and guilty of gross sexual imposition, as amended in Count 2. Counts 3, 4, 5, and 6 were nolled upon the prosecutor's recommendation. He was sentenced to three to 15 years of imprisonment on Count 1, concurrent with the term of two years imprisonment on Count 2. The order stated the sentence and further that Warren will not request shock or super shock probation. He did not file a direct appeal.
Almost six years later on November 2, 1998, Warren filed a motion for post-conviction relief pursuant to R.C. 2953.21 with request for oral evidentiary hearing. He claimed that his trial lawyer was ineffective when he failed to discern that Warren was on active duty status in the United States Army from August 29, 1985 until his honorable discharge on February 28, 1989. Attached to the motion was a copy of his military records. Warren claimed that because his attorney failed to file a notice of an alibi, he was denied the opportunity to show that he was thousands of miles away during a period of time when the incidents were alleged to have occurred. He also claimed that he was under eighteen years of age until October 18, 1984 and his lawyer was ineffective when he failed to assert that the juvenile court had jurisdiction over offenses committed prior to that date.
On November 24, 1998, the state filed its motion to dismiss, arguing that the motion was untimely and, additionally, that Warren's lawyer rendered constitutionally effective assistance.
On May 24, 1999, Judge Coyne, to whom the case had been subsequently assigned, denied the motion without a hearing and issued his written findings of facts and conclusions of law. He found, in addition to the information set forth above, that Petitioner's November 2, 1998 motion is based on evidence (military records) which has not been unavailable to him. Petitioner was discharged from the Army in 1989. His military records have been available to him since his discharge. In his conclusions of law, the judge indicated that he was prohibited from entertaining the petition because it had not been filed within the time provided by statute. He also held that Warren had not satisfied the statutory prerequisites to allow for an otherwise untimely review. Finally, he noted that Warren had reached adult status in 1984 and, since the indictment did not set forth the month of the alleged incident, subject matter jurisdiction [was] not an issue. As a result, he denied the petition for post-conviction relief without a hearing.
The single assignment of error states:
 THE TRIAL COURT ERRED BY ITS DENIAL OF APPELLANT AN EVIDENTIARY HEARING IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHERE APPELLANT HAD SUBMITTED DOCUMENTATION WHICH INCLUDED EVIDENCE DEHORS THE RECORD.
Warren contends it was error to deny his petition without holding a hearing, his miliary records supported a feasible alibi defense that his lawyer should have asserted, the Juvenile Court had jurisdiction over the allegations contained in Count 1 of his indictment, and his petition was timely.
The state counters that Warren was not entitled to a hearing, since his allegations of ineffective assistance of counsel could have been raised on appeal, the evidence he claims afforded him an alibi was available to him at the time he entered his plea, he cannot show his lawyer's alleged ineffectiveness rose to the level of a constitutional error, the fact that Warren reached the age of majority on October 18, 1984 is consistent with the common pleas court jurisdiction, and the petition was untimely.
We agree that the judge did not have jurisdiction to entertain the petition. The statutory framework governing requests for post-conviction relief is set forth in R.C. 2943.21. The statute provides the procedure for persons convicted of a criminal offense who claim that their state or federal constitutional rights were denied or infringed to ask the judge imposing sentence to vacate or set aside the judgment or sentence or to grant other appropriate relief. R.C. 2953.21(A)(1). Division (A)(2) sets forth the time requirements for filing such a request:
 A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal. [Emphasis added.] Am.Sub. S.B. 4 ("S.B.4"), effective September 21, 1995,
codified in R.C. 2953.21, amended the post-conviction relief statute. Section 3 of S.B. 4 contains a provision extending the time limit for filing post-conviction petitions for persons convicted prior to September 21, 1995 effective date of S.B. 4. State v. Corbin (Dec. 30, 1999), Cuyahoga App. No. 75627, unreported. Section 3 states:
 A person who seeks post-conviction relief pursuant to Sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of Section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later. [Id.]
Warren's judgment of sentence was entered on January 20, 1993, therefore, he had until Monday, September 23, 1996 to file his petition for post-conviction relief. State v. Foster (Mar. 9, 2000), Cuyahoga App. No. 75964, unreported.
When a petition for post-conviction relief is untimely filed, R.C.2953.21(A)(2) divests a judge of jurisdiction to hear the petition unless the exceptions as put forth in R.C. 2953.23(A)(1) apply. E.g., State v. Smith (Feb. 17, 2000), Cuyahoga App. No. 75793, unreported, and cases cited therein. In pertinent part, R.C. 2953.23 provides:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) * * *
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief[and,]
* * *
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence. [Emphasis added.]
Thus, the statute specifically requires that the person convicted of a criminal offense who seeks untimely review of his request for post-conviction relief satisfy both elements set forth in subdivisions (A)(1) and (A)(2).
Warren argues that he was "unavoidably prevented" from discovery of the facts upon which he must rely to present his claim for relief because he was incarcerated since October 1992, and any attempts to contact his former counsel were unavailing and his attorney died while he was incarcerated.
While he may have been unable to contact his former lawyer, Warren has not explained how he was unavoidably prevented from discovering the dates of his active status in the United States Army at any time after his discharge in 1989. Moreover, the military file attached to his motion contains a copy of an August 31, 1993 letter from the U.S. Army Reserve Personnel Center to Warren at his last known address which provided him with an address to direct future questions about his records. Because Warren has failed to fulfil the showing required under R.C.2953.23(A)(1)(a), our review is at an end.
Finally, the claim that his plea was void because the juvenile court, rather than the court of common pleas, had jurisdiction under R.C.2151.26(D) over the offense enumerated in Count I of his indictment is without merit. The count alleged that the offense occurred in 1984 without specifying a particular month. Warren admits that he reached adult status on October 18, 1984. Therefore, because Warren attained adult status in the year specified in the indictment and amended indictment, and he pleaded guilty to the amended indictment, the general division of the common pleas court had jurisdiction over the offense.
It is ordered that the appellee recover from appellant its costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J., CONCUR; MICHAEL J. CORRIGAN, J., CONCURS IN JUDGMENT ONLY WITH SEPARATE CONCURRING OPINION.